# In the United States Court of Federal Claims

LEMYRON D. BISHOP,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 23-cv-783

Filed: July 18, 2023

**MEMORANDUM AND ORDER**

On May 25, 2023, Plaintiff LeMyron Bishop, appearing *pro se*, filed a Complaint in this Court. *See* Complaint (ECF No. 1) (Compl.). The allegations in the Complaint are largely incoherent. Plaintiff's allegations appear to pertain to "claims of ALL properties copyrights, patents, and trademarks . . . due to Section 28 [§] 1332 of the United States Code." Compl. at 5 (emphasis and alteration in original). Plaintiff purportedly identifies "legal law violations in ALL areas of particular living and employment areas, in ALL businesses, agencies, bureaus, departments, and services of the world or planet earth." *Id.* at 2 (emphasis in original). Plaintiff also contends there has been "money laundering," "embezzlement," and "fraud" by unspecified "federal enforcers, judicial figures, and/or United States employment figures in terrorist actions." *Id.* at 2–3. Plaintiff further appears to allege that a "systemic use" of "doppelgangers" and "anyone being able to pose [] as anyone" facilitate "these fraud operations using facesheeting [sic]." *Id.* at 3. To the best of this Court's understanding, Plaintiff's Complaint alleges that he is being deprived of his property due to fraud because other individuals, posing as Plaintiff, are

stealing the rights to his property. *See generally* Compl. at 1–6. Such claims fall outside of this Court's jurisdiction.

The United States Court of Federal Claims is a court of limited jurisdiction. Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act is a jurisdictional statute and does not create any enforceable right against the United States on its own. *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 298 (1976); *Todd v. United States*, 386 F.3d 1091, 1093–94 (Fed. Cir. 2004). In order to fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United States must be based upon an express or implied contract, or a money-mandating constitutional provision, statute, or regulation. *See* 28 § U.S.C. 1491(a); *Mitchell*, 463 U.S. at 216–18.

Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216. Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (discussing how the Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). This Court must dismiss

claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3) and may do so *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B). In considering dismissal, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although held to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Plaintiff has a history of filing frivolous lawsuits in federal court, particularly in the District of New Mexico. In one case, the district court dismissed Plaintiff's complaint for lack of subject matter jurisdiction and imposed a filing restriction for that case due to "Plaintiff's abusive filing history." *See Bishop v. Fed. Gov't*, No. 19-cv-600 (D.N.M. June 28, 2019), ECF Nos. 6, 24. In another case, the district court dismissed Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's allegations were "delusional, irrational, and wholly incredible." *See Bishop v. Fed. Gov't*, No. 19-cv-833 (D.N.M. Mar. 4, 2020), ECF No. 12. Plaintiff has filed at least six other complaints, all of which were dismissed for lack of subject matter jurisdiction, failure to state a claim, failure to comply with a court order, and/or as frivolous. *See Bishop v. Eddy Cty. Det. Ctr.*, No. 19-cv-1037 (D.N.M. Jan. 28, 2020), ECF No. 5 (dismissing complaint for "failure to comply with rules, statutes, and the Court's Orders");

3

*Bishop v. Fed. Gov't*, No. 19-cv-1129 (D.N.M. Apr. 1, 2020), ECF No. 4 (dismissing complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)); *Bishop v. United States*, No. 20-cv-87 (D.N.M. March 23, 2020), ECF No. 12 (dismissing complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)); *Bishop v. Fed. Gov't*, No. 21-cv-321 (D.N.M. June 23, 2021), ECF No. 8 (dismissing complaint for "failure to comply with Court orders, statutes, and rules"); *Bishop v. DHS*, No. 21-cv-887 (D.N.M. Oct. 25, 2021), ECF No. 6 (dismissing complaint for failure to state a claim); *Bishop v. Fed. Gov't*, No. 22-cv-571 (D.N.M. Aug. 23, 2022), ECF No. 6.  The District of New Mexico ultimately imposed a filing restriction on Plaintiff, citing Plaintiff's repeated complaints that "fail to state a claim and contain frivolous and delusional claims."  *Bishop v. DHS*, ECF No. 6 at 4.

Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2)(B) states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious."  Section 1915(e)(2)(B) permits the court "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Dismissing a complaint as frivolous "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992), or "if the alleged facts are fantastic or delusional."  *Dozier-Carter v. United States*, No. 2010-5141, 2010 WL 4569990, at *2 (Fed. Cir. Nov. 5, 2010).

The allegations in Plaintiff's Complaint clearly meet the standard for dismissal under Section 1915(e)(2)(B).  Plaintiff vaguely asserts fraud on a massive scale, including by "ALL businesses, agencies, bureaus, departments, and services of the world or planet earth."  Compl. at 2 (emphasis in original).  Plaintiff appears to contend, without support, "the total population

4

other than [him]self" is privy to this scheme. *Id.* at 3. Plaintiff also suggests he is the "sole inventor" of all copyrights, patents, and trademarks. *Id.* Plaintiff further claims "this is [] a multidistrict and global or international litigation in the obtainment of Planet Earth and universal systems." *Id.* at 5. The factual contentions in the Complaint, to the extent decipherable, have no basis in fact. Plaintiff's allegations are "irrational," "wholly incredible," "fantastic," and "delusional." *Denton*, 504 U.S. at 32–33; *Dozier-Carter v. United States*, 2010 WL 4569990, at *2. This finding is consistent with conclusions by other courts that have labeled Plaintiff's claims "delusional, irrational, and wholly incredible." *See Bishop v. Fed. Gov't*, No. 19-cv-833 (Mar. 4, 2020), ECF No. 12; *see also Bishop v. United States*, No. 23-cv-784, 2023 WL 3884039, at *2 (Fed. Cl. June 8, 2023) ("[Plaintiff's] complaint contains no non-frivolous assertions of fact whatsoever."). Accordingly, Plaintiff's Complaint must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

In addition, the Complaint does not allege any claims over which this Court has subject matter jurisdiction, so this Court must also dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(h)(3). *First*, the Complaint cites 28 U.S.C. § 1332, which establishes diversity jurisdiction in federal district courts. *See* 28 U.S.C. § 1332. However, Section 1332 creates jurisdiction only for *district courts*. *See id.* § 1332(a) ("The *district courts* shall have original jurisdiction . . . .") (emphasis added). This Court "lacks jurisdiction to adjudicate civil actions under 28 U.S.C. § 1332, which confers original jurisdiction to district courts." *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019).

*Second*, Plaintiff vaguely alleges fraud, money laundering, embezzlement, and discrimination. *See generally* Compl. at 1–6. To the extent Plaintiff alleges criminal conduct, this Court lacks jurisdiction over such claims because the criminal code is beyond this Court's

5

limited jurisdiction. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[The Court of Federal Claims] has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."); *see also Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (noting the Court of Federal Claims "has no jurisdiction over criminal matters generally").  To the extent Plaintiff alleges civil fraud or discrimination, such allegations sound in tort, and it is well-established that the Court of Federal Claims lacks subject matter jurisdiction over claims sounding in tort.  *See Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (concluding the Court of Federal Claims lacked jurisdiction over fraud claims because "[t]he Tucker Act expressly excludes from the Claims Court's jurisdiction tort claims against the government."); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because [Plaintiffs'] complaints . . . are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."); *Qualls v. United States*, 230 Ct. Cl. 534, 538 (1982) (holding discrimination "allegations are tortious in nature . . . and are not actionable in this court").  Furthermore, it is well-established that this Court lacks jurisdiction over claims brought against individual defendants, including state and international entities.  *See Sherwood*, 312 U.S. at 588 (1941) (discussing that the Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States").

*Third*, Plaintiff references copyrights, patents, and trademarks.  *See* Compl. at 2, 3, 5.  However, it does not appear Plaintiff alleges copyright, patent, or trademark infringement.  Rather, Plaintiff appears to claim his ownership interests in all existing copyrights, patents, and trademarks were stolen.  *See* Compl. at 3 ("With this case dealing with ALL properties, copyrights, patents and trademarks in my [] legal or in particular claims of ALL.") (emphasis in original); *see also id.* ("Myself being the sole inventor of ALL.") (emphasis in original).

6

However, theft is a tort over which this Court lacks subject matter jurisdiction. *See Lovett v. United States*, 145 Fed. Cl. 175, 180 (2019). To the extent Plaintiff alleges the federal government violated criminal laws in stealing his property, this Court lacks jurisdiction over criminal matters, as already discussed. *See Joshua*, 17 F.3d at 380; *Moore v. United States*, 419 F. App'x 1001, 1002 (Fed. Cir. 2011).

Therefore, for the reasons stated above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3). Plaintiff's "Motion for Leave to Proceed In Forma Pauperis" (ECF No. 11) is **GRANTED**. This Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this Memorandum and Order would not be in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *Harrison v. United States*, No. 2020-1765, 2020 WL 6482121 (Fed. Cir. July 21, 2020). The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge